UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LEO SHUMACHER, <br><br> Plaintiff, <br><br> v. <br><br> MTS SYSTEMS CORPORATION, DAVID J. ANDERSON, RANDY J. MARTINEZ, NANCY ALTOBELLO, DAVID D. JOHNSON, MICHAEL V. SCHROCK, CHUN HUNG YU, and LINDA ZUKAUCKAS, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Case No. _____ <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on December 9, 2020 (the "Proposed Transaction"), pursuant to which MTS Systems Corporation ("MTS Systems" or the "Company") will be acquired by Amphenol Corporation, a Delaware corporation ("Parent"), and Moon Merger Sub Corporation ("Merger Sub," and together with Parent, "Amphenol").

2. On December 8, 2020, MTS Systems' Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Amphenol. Pursuant to the terms of the Merger Agreement, MTS Systems' stockholders will receive $58.50 in cash for each share of MTS Systems common stock they own.

3. On January 8, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of MTS Systems common stock.

9. Defendant MTS Systems is a Minnesota corporation and a party to the Merger Agreement. MTS Systems' common stock is traded on the NASDAQ under the ticker symbol "MTSC."

10. Defendant David J. Anderson is Chairman of the Board of the Company.

11. Defendant Randy J. Martinez is President, Chief Executive Officer, and a director of the Company.

12. Defendant Nancy Altobello is a director of the Company.

13. Defendant David D. Johnson is a director of the Company.

14. Defendant Michael V. Schrock is a director of the Company.

15. Defendant Chun Hung Yu is a director of the Company.

16. Defendant Linda Zukauckas is a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

18. MTS Systems' testing and simulation hardware, software, and service solutions help customers accelerate and improve their design, development, and manufacturing processes and are used for determining the mechanical behavior of materials, products, and structures.

19. On December 8, 2020, MTS Systems' Board caused the Company to enter into the Merger Agreement.

20. Pursuant to the terms of the Merger Agreement, MTS Systems' stockholders will receive $58.50 in cash for each share of MTS Systems common stock they own.

21. According to the press release announcing the Proposed Transaction:

Amphenol Corporation (NYSE: APH) ("Amphenol"), a leading global provider of high-technology interconnect, antenna and sensor solutions, and MTS Systems Corporation (Nasdaq: MTSC) ("MTS"), a leading global supplier of advanced test systems, motion simulators and precision sensors, today announced that they have entered into a definitive agreement under which Amphenol will acquire MTS for $58.50 per share in cash, or approximately $1.7 billion, including the assumption

of outstanding debt and liabilities, net of cash. . . .

The transaction has been unanimously approved by the boards of both companies and is expected to close by the middle of 2021, subject to certain regulatory approvals, approval from MTS's shareholders and other customary closing conditions.

Advisors

Centerview Partners LLC is serving as Amphenol's financial advisor for the transaction and Latham & Watkins, LLP is acting as its legal advisor. J.P. Morgan Securities LLC and Evercore are serving as MTS's co-financial advisors and Sidley Austin LLP is acting as its legal advisor.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

22. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

23. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

24. First, the Proxy Statement omits material information regarding the Company's financial projections.

25. The Proxy Statement fails to disclose: (i) all line items used to calculate EBIT and NOPAT; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

26. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

27. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, J.P. Morgan Securities LLC ("J.P. Morgan") and Evercore Group L.L.C. ("Evercore").

28. With respect to J.P. Morgan's Public Trading Multiples analysis, the Proxy Statement fails to disclose J.P. Morgan's basis for selecting a multiple reference range of 9.5x to 13.0x for the Company's FV / 2021E adj. EBITDA.

29. With respect to J.P. Morgan's Selected Transaction Analysis, the Proxy Statement fails to disclose J.P. Morgan's basis for selecting a multiple reference range for FV / LTM adj. EBITDA of 9.0x to 13.5x.

30. With respect to J.P. Morgan's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values for the Company; and (ii) the individual inputs and assumptions underlying the discount rates ranging from 9.5% to 11.0% and the perpetuity growth rates of 2.0% to 3.0%.

31. With respect to J.P. Morgan's Analyst Price Targets analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

32. With respect to Evercore's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values for the Company; (ii) the individual inputs and assumptions underlying the discount rates ranging from 9.5% to 11.0% and the perpetuity growth rates of 2.0% to 3.0%; (iii) the estimated net debt used in the analysis; and (v) the number of fully diluted shares of Company common stock used in the analysis.

33. With respect to Evercore's Selected Public Company Trading Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

34. With respect to Evercore's Selected Transactions Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

35. With respect to Evercore's Premiums Paid Analysis, the Proxy Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

36. With respect to Evercore's Illustrative Leveraged Buyout Analysis, the Proxy Statement fails to disclose Evercore's basis for selecting the leveraged multiple, financing terms, exit multiple, fees, and target internal rate of return used in the analysis.

37. With respect to Evercore's Equity Research Analyst Price Targets analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

38. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

39. Third, the Proxy Statement fails to fully disclose the timing and nature of the past services J.P. Morgan and its affiliates provided to the parties to the Merger Agreement and their affiliates, and the amount of compensation J.P. Morgan and its affiliates have received or will receive for providing such services.

40. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

41. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and MTS Systems**

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. MTS Systems is liable as the issuer of these statements.

44. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

45. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

46. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

47. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

48. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

49. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

50. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51. The Individual Defendants acted as controlling persons of MTS Systems within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of MTS Systems and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

52. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

53. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

54. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

55. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 27, 2021                                   **RIGRODSKY LAW, P.A.**

                                                    By:  */s/ Gina M. Serra*
                                                         Seth D. Rigrodsky (#3147)
                                                         Gina M. Serra (#5387)
                                                         300 Delaware Avenue, Suite 210
                                                         Wilmington, DE 19801
                                                         Telephone: (302) 295-5310
                                                         Email: sdr@rl-legal.com
                                                         Email: gms@rl-legal.com

                                                         *Attorneys for Plaintiff*